## The Commonwealth *versus* Jessup.

1. The Act of May 8th 1854, furnishing liquor to minors, &c., is not repealed by the Act of April 17th 1867, for enforcing order in licensed houses, &c.

2. An indictment for furnishing liquor to minors did not charge that it was "for use as a beverage." The defendant pleaded "guilty." *Held*, that under the criminal procedure act the defect in the indictment was cured by the plea.

October 29th 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Quarter Sessions of *Armstrong county* : No. 120, to October and November Term 1869.

At June Sessions 1868, of the Court of Quarter Sessions of Armstrong county, C. C. Jessup was indicted for that he did "knowingly and wilfully furnish, sell and give, and cause and permit to be furnished, sold and given, intoxicating drinks, to wit, whiskey, brandy, gin, wine, ale and beer, to a certain George Bellas and others, they, the said George Bellas, &c., at that time being minors under the age of twenty-one years, and the said C. C. Jessup, knowing them, the said George Bellas, &c., to be minors as aforesaid." The indictment did not charge that the sale was for use as a beverage. On the 8th of September 1868, the defendant pleaded "Guilty." On the 5th of March 1869, judgment was arrested; this, on a writ of error by the Commonwealth, was assigned for error.

*J. C. Barrett*, District Attorney, for the Commonwealth, referred to Act of May 8th 1854, § 1, Pamph. L. 603, Purd. 666, pl. 31, against wilfully furnishing intoxicating drinks to minors, &c.,

[Commonwealth v. Jessup.]

" for use as a beverage." The punishment for the first offence is a fine from $10 to $100; for a subsequent offence a fine from $25 to $100, and imprisonment in the discretion of the court, with forfeiture of license.

*F. Mechling*, for defendant in error.—The Act of 1854 is repealed by the Act of April 17th 1867, which, in section 2, provides that no person shall sell, &c., any intoxicating liquors, &c., to any minor, &c., without consent given in writing by his father, &c. By section 9, a person selling to one to whom it is unlawful by the act to sell, shall be liable to all damages occasioned by such sale. By section 10, persons violating the provisions of this act shall be fined not more than $25, or in default of payment, imprisonment not more than five days. This act was repealed by the Act of April 6th 1868, § 1; but it does not reinstate the Act of 1854, because that being a penal act, is not revived by the repeal of the repealing act: Commonwealth *v.* King, 1 Wharton 460; Anonymous, 1 Wash. C. C. Rep. 84; Commonwealth *v.* Duane, 1 Binney 601; Norris *v.* Crocker, 13 Howard 435.

The opinion of the court was delivered, November 4th 1869, by
READ, J.—The defendant was indicted under the Act of the 8th May, 1854, for wilfully furnishing intoxicating drinks, by sale or gift, to minors, and on the 8th September 1868, he pleaded guilty, and on the 3d March 1869, the court arrested the judgment. No reason was assigned, but the counsel for the defendant says the Act of 1854 was repealed by the Act of the 17th April 1867. But this is a clear mistake, for the acts are not inconsistent, and it contains no repealing clause, and the Act of 1867 is itself repealed by the Act of the 6th April 1868, and the offence is charged to be committed on the 18th April.

Any formal defect in the indictment was cured under the Criminal Procedure Act by the plea.

> Arrest of judgment reversed, and Court of Quarter Sessions ordered to proceed to sentence.

SHARSWOOD, J., dissented, being of opinion the indictment was substantially defective in not charging that the sale was for use as a beverage.