# Commonwealth *v.* LeGrange, Appellant.

*Criminal law—Murder—Homicide—Manslaughter—Charge of court.*

1. In the trial of an indictment for murder, an instruction as to manslaughter need not be given or that question submitted to the jury, where there is no evidence to reduce the grade of the crime below that of murder.

2. In determining the degree of murder the jury must always be left free to act, because the act of assembly expressly imposes that duty on the jury, but there is no such requirement in distinguishing between murder and manslaughter.

Argued Feb. 7, 1910. Appeal, No. 393, Jan. T., 1909, by defendant, from judgment of O. & T. Phila. Co., Jan. T., 1909, No. 392, on verdict of guilty of murder of the first degree in case of Commonwealth v. Cecil LeGrange. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Indictment for murder. Before RALSTON, J.

At the trial it appeared that the prisoner was charged with the murder of Paul Hiller on Dec. 21, 1908. Other facts appear in the opinion of the Supreme Court.

Verdict of guilty of murder of the first degree, upon which judgment of sentence was passed.

The court charged in part as follows:

[I would say to you, gentlemen, that in this case I can see no element whatever of manslaughter. In the commonwealth's testimony there is no evidence which would, in the remotest degree, justify a verdict of manslaughter. Nor do I find such evidence in the testimony adduced on behalf of the prisoner. Voluntary manslaughter is where a man is so provoked by a blow, that, while in a violent passion, while beyond himself with rage, he fires the shot or inflicts the wound which causes death.] [2]

*Error assigned* among others, was (2) above instruction, quoting it.

*Edwin M. Abbott,* for appellant.

*Joseph P. Rogers,* assistant district attorney, with him *Samuel P. Rotan,* district attorney, for appellee.

Per Curiam, March 7, 1910:

The main argument on behalf of the appellant is directed to show error in the instruction in the charge that there was no evidence in the case that would justify a verdict of manslaughter. The commonwealth's witnesses testified that the appellant entered the saloon where the homicide was committed, and immediately drew a pistol from his pocket and pointed it at William Reglin. Paul Hiller, who was killed, was standing nearby and advanced towards the appellant, who swung his arm around, changed his aim and shot Hiller; that no one had touched the appellant, and that Hiller was four or five feet from him when the shot was fired. The substance of the appellant's testimony was that, when he entered the saloon, a number of persons rushed at him; that Hiller struck him and some one seized him from behind; that in attempting to draw his pistol to intimidate his assailants, it was accidentally discharged; that he did not intend to shoot anyone.

Under the testimony the instruction was clearly right. There was nothing shown that would reduce the crime to manslaughter. If the commonwealth's witnesses were believed, the crime was murder; if the appellant was believed, the killing was accidental and he was entitled to acquittal. Great care has been required in the trial of homicides to guard every right of the accused, but it has not been held that an instruction as to manslaughter should be given or the question submitted to the jury, where there is no evidence to reduce the grade of the crime below that of murder. In determining the degree of murder the jury must always be left free to act, because the act of assembly expressly imposes that duty on the jury, but there is no such requirement in distinguishing between murder and manslaughter: Com. v. Sutton, 205 Pa. 605; Com. v. Curcio, 216 Pa. 380. There is no merit in any of the assignments.

The judgment is affirmed, and it is directed that the record be remitted to the court of oyer and terminer of Philadelphia for the purpose of carrying the sentence into execution.