# Commonwealth v. Ochman and Bernstein, Appellant.

*Criminal law and procedure—Receiving stolen goods—Indictment—Sufficiency—Acts of June 20, 1919, P. L. 542; April 23, 1909, P. L. 159, and March 31, 1860, P. L. 410.*

The Act of April 23, 1909, P. L. 159, makes it a felony to receive stolen goods, where the larceny was committed in another state. An indictment, which charges the defendant with unlawfully and feloniously receiving 57 "ladies' fur coats" which had theretofore been feloniously stolen, taken and carried away in the State of Illinois, is within the terms of the statute.

The Act of June 20, 1919, P. L. 542, covers the offense of knowingly bringing into the Commonwealth personal property which had been feloniously taken in another state.    The 109th section of the Criminal Code (Act of March 31, 1860, P. L. 410) prohibits the receiving of stolen goods as recognized at common law.

An indictment, properly framed under the Act of 1909, and sustained by competent evidence, is not defective for failure to state under which act the charge is brought.

Argued April 18, 1922. Appeal, No. 58, Oct. T., 1922, by Morris Bernstein, from judgment of Q. S. Philadelphia Co., Aug. Sessions, 1921, No. 830, on verdict of guilty as to Morris Bernstein, in the case of Commonwealth of Pennsylvania v. Chaim Ochman and Morris Bernstein. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for receiving stolen goods. Before AUDENREID, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty as to Morris Bernstein and not guilty as to Chaim Ochman. Judgment of sentence was passed on Morris Bernstein, who thereupon filed this appeal.

*Errors assigned* were refusal to direct an acquittal, the action of the court in overruling motions in arrest of judgment and for new trial, and the judgment of the court.

*Jacob Weinstein,* and with him *Samuel W. Salus,* for appellant.—It is impossible to ascertain under which one of three several acts the indictment is framed, and there is nothing in the verdict that shows what crime was the subject of it, and therefore it cannot be said to be responsive to the indictment, and is fatally defective: Com. v. Huston, 46 Pa. Superior Ct. 219.

*Eugene V. Alessandroni,* Assistant District Attorney, for appellee.

OPINION BY HENDERSON, J., July 13, 1922:

The defendant was convicted on the first count of an indictment which charged him with unlawfully and feloniously receiving 57 "ladies' fur coats" which had there-

tofore been feloniously stolen, taken and carried away in the State of Illinois, the defendant knowing and having reasonable cause to know that the same had been stolen and feloniously taken in another State. The position now contended for is that the conviction cannot be sustained for the reason that there are three Acts of Assembly providing punishment for the receiving of stolen goods, and that the indictment does not show under which statute the charge is brought, as a consequence of which there is no means of determining for what offense the jury intended to convict. The Acts referred to are Section 109 of the Criminal Code, Section 1 of the Act of April 23, 1909, and Section 1 of the Act of June 20, 1919. The first mentioned statute prohibits generally the receiving of stolen goods and covers that offense as recognized at common law. The Act of 1909 applies to the receiving of goods stolen in another state as well as to those which were the subject of larceny in Pennsylvania. The Act of 1919 covers the offense of knowingly bringing into the Commonwealth personal property which had theretofore been feloniously taken in another state. The evidence offered at the trial did not support the second count drawn under this statute, and a verdict of acquittal on that count was properly rendered.

The first count was drawn under the Act of 1909 which was intended to cover cases where the larceny was committed in another state as well as when the theft took place in this State. It removed from discussion the question whether an indictment could be sustained in this State for receiving goods stolen in another state and brought into Pennsylvania. The charge contained in the first count is within the terms of this statute, and there is no legal difficulty in relating the indictment to it. The evidence was sufficient to sustain a conviction of receiving here goods stolen in another state, and this was the specific charge which the defendant was required to meet. There is no defect therefore

in the pleadings nor uncertainty in the evidence which throws doubt on the intention of the jurors as expressed in their verdict.

The assignments are overruled, the judgment is affirmed and the record remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.