# Commonwealth *v.* Price, Appellant.

*Criminal law and procedure—Liquor law—Indictment—Terms of the statute—Bill of particulars—Evidence.*

With respect to some offenses made punishable by statute, the language employed in describing them is so general in character that an indictment which merely followed the language of the act, in charging the crime, would not state the offense with such certainty or particularity that its nature could be easily understood by the jury, or the defendant could know what he was called to answer, or the judgment of the court could be determined.

When it is made to appear to the court that an injustice is likely to be done the prisoner because of the vagueness of the indictment, a bill of particulars may be ordered.   This is not a matter of right to the prisoner, but is done because the court would set aside a verdict and grant a new trial if, without such specific information, the prisoner was subjected to surprise and injustice in making his defense.

Where, upon the trial of an indictment charging the sale of liquors without a license the defendant obtained, by bill of particulars, information as to the months during which it was charged

liquors were sold and the places at which and persons to whom sales had been made, the court properly refused to order a more specific bill of particulars. The defendant has no right to ask the exact date, exact amounts and kinds of liquors sold, such information would be a specification of the evidence to be adduced by the Commonwealth.

*Liquor law—Woner Act of May 5, 1921—Offenses under prior acts.*

An indictment which properly charges the defendant with having sold liquors without license, before the date of the approval of the Woner Act, under the Brooks Act, is not meaningless because it fails to specify under which act the offense is charged. Section 12 of the Woner Act expressly provides that offenses committed prior to the date of its approval may be prosecuted and punished as if it had never been passed.

Argued October 9, 1922. Appeal, No. 41, April T., 1923, by defendant, from judgment of Q. S. Beaver County, December Sessions, 1921, No. 42, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Joseph Price. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for selling liquor without a license. Before READER, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were refusal to order a more specific bill of particulars, refusal to sustain defendant's motion to quash the indictment, refusal to grant a new trial, and the judgment and sentence of the court.

*William A. McConnel,* and with him *John B. McClure,* for appellant.

*J. Blaine McGoun,* Assistant District Attorney, and with him *Louis E. Graham,* District Attorney, for appellee.

OPINION BY PORTER, J., March 2, 1923:

The defendant was tried in the court below upon an indictment containing three counts. The first count charged that he had sold vinous, spirituous, malt and brewed liquors and admixtures thereof, "for beverage purposes and to be used as a beverage, other than such as are from time to time determined and found to be intoxicating by act of Congress passed pursuant to and in the enforcement of the Constitution of the United States of America, without having first obtained a license for that purpose," etc. It is very clear that this count charges an offense under the Woner Act of May 5, 1921, P. L. 407. The second count charged the selling of "intoxicating liquors and admixtures thereof for beverage purposes, being such as has been determined and found to be intoxicating by act of Congress passed pursuant to and in the enforcement of the Constitution of the United States of America, contrary to the form of the act of the General Assembly," etc. There can be no doubt that this count was, also, founded upon the Act of May 5, 1921. The third count charged, generally, that the defendant did sell "vinous, spirituous, malt and brewed liquors and admixtures thereof to be used as a beverage without having first obtained a license agreeably to law for such purpose contrary to the form of the Act of the General Assembly," etc. This count was in the form which had for many years been in use to charge the offense under the provisions of the Act of May 13, 1887, commonly called the "Brooks Law." The count sufficiently charged an offense under that statute. It was not necessary to aver in that count that the liquors were "to be used as a beverage," the pleader was careless in so averring, but that did not impair the integrity of this count of the indictment, and the words must be treated as surplusage. The defendant was acquitted upon the first and second counts of the indictment and convicted upon the third count, and from the sentence upon that count he appeals.

The indictment charged the offenses in the language of the statutes under which the several counts, respectively, were drawn. With respect to some offenses made punishable by statute, the language employed in describing them is so general in character that an indictment which merely followed the language of the act, in charging the crime, would not state the offense with such certainty or particularity that its nature could be easily understood by the jury, or the defendant could know what he was called to answer, or the judgment of the court could be determined. There are cases where it is proper that the defendant, under an indictment so drawn, should have a more particular specification of the accusation he is called upon to defend against otherwise he may be taken by surprise. It must be borne in mind that this defendant was not convicted of any offense under the Woner Act, and the first and second counts of the indictment dropped out of the case. The third count of the indictment, as we have said, sufficiently charged an offense under the Brooks Law. It may well be doubted whether there is any such uncertainty about the character of the offense charged in such an indictment, as to entitle the defendant to demand a bill of particulars. When it is made to appear to the court that any injustice is likely to be done the prisoner because of the vagueness of the indictment, a bill of particulars may be ordered; this, not because the prisoner has a right to demand it, but because the court, after trial, on proof of surprise or injustice in consequence of the absence of specific averment, will set aside the verdict and grant a new trial. This defendant moved the court for a rule on the district attorney to file a bill of particulars. The district attorney without waiting for the disposition of the rule filed a bill of particulars setting forth that the defendant had, during certain months of the year 1920 and the year 1921 sold liquors to a certain John Tatko, at No. 310 Allegheny St., New Brighton; and that during the month of September, 1920, at

No. 1317 Allegheny St., New Brighton, Beaver County, he had sold liquors to one Andy Smerski. The defendant thereupon moved the court for a more specific bill of particulars "setting forth specifically the exact time and for what amount the intoxicating liquors are alleged to have been sold and also setting forth the kind of liquor sold and the amount thereof." The court refused to so order, which action is the subject of the first and second specifications of error. The bill of particulars which had been filed informed the defendant as to the times when the liquors were sold, the places at which and the persons to whom the sales had been made. What the defendant was seeking, by his motion for a more specific bill of particulars, was a specification of the evidence to be adduced by the Commonwealth; this he had no right to ask: Com. v. Buccieri, 153 Pa. 547. The first and second specifications of error are overruled.

The defendant, after the verdict, moved in arrest of judgment, upon the ground that; "The verdict of guilty on the third count of the indictment is meaningless, as it is impossible to tell from that verdict whether the defendant had been found guilty of an offense under the Woner Act or under the law as it existed prior to the Woner Act." The court overruled the motion and sentenced the defendant. The third count of the indictment sufficiently charged an offense under the law as it existed prior to the Woner Act. If the Woner Act had changed the description of the offense and divided it so as to make the act of selling nonintoxicating liquor a distinct offense and provided for it a distinct punishment, and the act of selling intoxicating liquor a different offense and provided a different punishment, without more, the question presented would not have been without difficulty. The Woner Act, however, in its twelfth section, expressly excepted out of its operation offenses committed prior to the date of its approval, and provided that "such offenders may be prosecuted and punished as if this act

had not been passed." The third specification of error is dismissed.

The court properly instructed the jury that the third count charged a violation of the Brooks Law, which obtained prior to the amendment of 1921 and if sales were made prior to the amendment, "which we know as the Woner Bill, the defendant, if guilty at all, would be guilty under the Brooks Law, and if they were made subsequent to the approval of the amendment of 1921, he would be guilty, if guilty at all, under the Woner Bill," which instructions are the subject of the fourth and fifth specifications of error. The court, in connection with these instructions charged the jury that the Woner Act was approved on the 5th day of May, 1921, "so that if you should find that the defendant did make sales of vinous, spirituous, malt or brewed liquors, or any admixtures thereof, prior to May 5, 1921, that would constitute an offense under the third count in this indictment. If the sale was made subsequent to that, it would be a violation as charged under either the first or second counts in the indictment." The verdict of the jury determined the fact that the sales were made prior to May 5, 1921. The instructions of the court were a proper statement of the law, and there was sufficient evidence to require the submission of the case to the jury. The fourth and fifth specifications of error are overruled.

The sixth assignment of error complains of the action of the court in refusing a new trial. The evidence was conflicting, but it was such as to require the submission of the question of defendant's guilt to the jury. The trial had been impartially conducted. The Commonwealth had not introduced any evidence as to the sale of liquor to any person not mentioned in the bill of particulars which had been filed and there was no suggestion that the defendant was surprised by the introduction of evidence of any offense of which he had not had full notice. We find no warrant for holding that the court abused its discretion in refusing a new trial and the specification

of error is dismissed.   The sentence was such as the court below was authorized to impose, under the provisions of the Act of 1887, and we are without authority to modify or set it aside.   All the specifications of error are dismissed.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.