## Commonwealth *v.* O'Donnell, Appellant.

*Criminal law—Sale of intoxicating liquors—Conviction—Act of May 5, 1921, P. L. 407.*

Proof of sale of liquor containing a percentage of alcohol whether it was intoxicating or not was sufficient to establish guilt of selling liquor without a license. Under the Act of May 5, 1921, P. L. 407, (Woner Act) the sale of intoxicating liquors as defined by Act of Congress with or without a license is prohibited. The act also regulates the sale of vinous, spirituous and malt liquors whether they are intoxicating or not.

Proof of the greater offense—sale of intoxicating liquors—will sustain a conviction of the lesser offense, selling without a license.

Argued March 12, 1923.  Appeal, No. 92, April T., 1923, by defendant, from judgment of Q. S. Cambria County, March sessions, 1922, No. 69, on verdict of guilty in the case of Commonwealth of Pennsylvania v. John O'Donnell.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN, and GAWTHROP, JJ.  Affirmed.

Indictment for selling liquor without a license.  Before EVANS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.  Defendant appealed.

*Errors assigned* were various rulings on evidence and refusal to direct a verdict in favor of defendant, and the judgment of the court.

*Philip N. Shettig,* and with him *William A. McGuire,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY GAWTHROP, J., April 16, 1923:

The defendant appeals from a conviction upon an indictment based on the 8th section of the Act of May 5, 1921, P. L. 407, popularly known as the Woner Act. That section enacted that: "Any person who shall hereafter be convicted of selling or offering for sale any vinous, spirituous, malt or brewed liquors or any admixture thereof, without a license, shall be sentenced," etc.

The first question raised by the assignments of error is whether there was sufficient proof that the sample of liquor which was analyzed by the chemist and admitted in evidence was the same liquor which was sold by the defendant. We have examined, with care, the evidence touching this question and are satisfied that there is nothing to raise a suspicion that the jar of beer, which the defendant admitted he sold, was not delivered intact to the chemist, who analyzed it and testified to its alcoholic content. It is urged that during the three and one-half hours the beer was in the possession of the county detective there was opportunity for a stranger to tamper with the contents of the jar. This suggestion finds no support in the evidence.

The second point raised, as we understand it, is that because the proof showed that the liquor which the defendant sold was intoxicating, there could be no conviction under an indictment charging a sale without a license. The position of defendant's counsel seems to be that because the Woner Act provides a distinct punishment for the manufacture or sale of intoxicating liquors, that if the liquors sold be intoxicating the indictment must be drawn under the section of the act prohibiting the sale of intoxicating liquors and may not be drawn

under the section prohibiting the selling of vinous, spirituous, malt or brewed liquors, or any admixture thereof. The Woner Act deals with two classes of liquors, that which is intoxicating, and that which is not. Intoxicating liquors, which are defined by the act to mean anything found and determined from time to time to be intoxicating by act of Congress passed pursuant to the Constitution of the United States, may not be sold for beverage purposes with or without a license. Congress has declared liquors containing one-half of one per cent of alcohol to be intoxicating. The Woner Act regulates the sale of vinous, spirituous, malt or brewed liquors whether they are intoxicating or not. All alcoholic liquors produced by artificial processes, such as the brewing of beer, come within the malt or brewed class: Com. v. Vigliotti, 271 Pa. 10. The indictment here does not charge, as contended by appellant's counsel, that the defendant offered for sale that which he would have had a clear right to sell had he procured a license. The crime charged was the sale of liquors without a license, irrespective of the amount of the alcoholic content, that is, whether it was intoxicating or not. The indictment might have charged in one count a sale of liquors without a license and in another count a sale of intoxicating liquors. Proof that the defendant sold a drink containing a percentage of alcohol, whether it was intoxicating or not, was sufficient to establish guilt of selling an admixture of vinous, spirituous, malt or brewed liquors. If the Commonwealth desired to prosecute the defendant for selling intoxicating liquors, it would have been necessary to charge him with that offense. But proof of that offense would warrant a conviction of the lesser offense, selling without a license, provided, of course, the defendant did not have a license.

Lastly, it is complained that the Commonwealth was permitted to cross-examine the defendant as to his knowledge of violations of the law by the brewers from whom he purchased the beer sold, this for the purpose of

showing that the defendant knew that the liquors which he was selling were alcoholic. It is urged that as guilty knowledge was immaterial, the examination was improper and brought in collateral issues tending to prejudice the jury. The defendant testified that the beer involved in this case was a nonalcoholic product. When asked by the district attorney how he knew this, he said: "I bought it for such." When asked from whom he bought it, he said that he got it at the local breweries. The district attorney was permitted to ask the defendant whether he made any effort to find out what the alcoholic content was in the beer he was selling, and whether he did not know that the local breweries had trouble with the federal enforcement officers. This evidence was perhaps immaterial. We are satisfied however, from thorough examination of the testimony, that the error was harmless. The defendant had a fair trial and the whole record fails to disclose just cause for complaint. There is no substantial merit in any of the assignments of error, and they are overruled.

The judgment is affirmed, and the record remitted to the court below, and it is ordered that the defendant appear in that court at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.