## Commonwealth v. Pritts.

*Criminal law and procedure—Arrest—Unlawful arrest — Information — Indictment—Bail for appearance—Motion to quash indictment—Woner Act of 1921—Enforcement Act of 1923.*

1. A motion to quash an indictment for violation of the liquor laws, on the ground that the arrest of the defendant was unlawful, will not be heard when the defendant waited a week after his arrest without taking any steps to obtain his release, and then, after indictment, gave bail to answer the charge set out in the indictment.

2. An information that sets forth sufficient to inform the defendant that he may be indicted under the Woner Act of May 5, 1921, P. L. 407, or under the Enforcement Act of March 27, 1923, P. L. 34, is sufficient to sustain an indictment under both acts. Where a defendant has been so indicted and has been furnished a bill of particulars giving the period of time to which evidence against him would be limited, the violations and penalties enumerated by the acts being the same, it is not ground for quashing the indictment that evidence might be produced at the trial with reference to the violation of either act.

*Statutes — Construction — Repeal—Saving clause—Woner Act of 1921— Enforcement Act of 1923.*

3. While the Enforcement Act of March 27, 1923, P. L. 34, by its 18th clause, repealed the Woner Act of May 5, 1921, P. L. 407, nevertheless, the saving clause (15th), inserted for that purpose, was effectual to continue the repealed act in force with reference to offences committed before the new act became effective.

4. A "saving clause" is sometimes defined as being synonymous with an exception, but it is ordinarily a restriction in a repealing act, and saves rights, pending proceedings, penalties, etc., from the annihilation which would result from unrestricted repeal.

Motions to quash and in arrest of judgment. Q. S. Somerset Co., May Sess., 1923, No. 87.

*W. Curtis Truxal,* for Commonwealth; *Boose & Boose,* for defendant.

BERKEY, P. J., July 9, 1923.—The defendant was convicted of unlawfully possessing, furnishing, offering for sale and selling intoxicating liquors for beverage purposes. The defendant filed a motion in arrest of judgment, assigning nine reasons, which are considered in manner following:

It is contended the court erred in overruling the defendant's motion to quash, for the reasons contained therein: (1) That his premises were illegally searched; (2) that his property was illegally seized; (3) that he was

illegally arrested and taken before a justice of the peace, where an information was made which is the basis of the indictment; and (4) that the officer who arrested him and searched his premises acted illegally, and, without authority of law, obtained illegal evidence, which was laid before the grand jury upon which the indictment was found, all of which is an infringement on defendant's constitutional rights and privileges.

The prosecutor made complaint against the defendant, on which a search warrant issued; also an information charging "that at Jefferson Township, in the County of Somerset, on April 1, 1923, and at times prior thereto, defendant aforesaid did then and there unlawfully manufacture, sell, offer for sale, barter, furnish, transport, possess and deliver within the said county and State intoxicating liquor for beverage purposes, all of which is contrary to an act of assembly in such case made and provided." The defendant was arrested in pursuance of a warrant issued on said information and taken before the justice of the peace who had issued both warrants, where he was accorded a hearing, held to bail, which he entered, all of which events transpired on April 23, 1923. The indictment was found by the grand jury April 30, 1923, and the case called for trial May 15, 1923. The defendant had a week between the arrest and the finding of the bill to have raised any question touching the legality of his arrest upon a proceeding to be discharged from custody; but having given bail to answer the charge set out in the information, he could not, after indictment found, raise such questions by a motion to quash: Com. v. Dingman, 26 Pa. Superior Ct. 615, 619; Com. v. Brennan, 193 Pa. 567; Com. v. Mallini, 214 Pa. 50; Com. v. Danner, 79 Pa. Superior Ct. 556, 558.

The second question raised by the defendant's motion is found in the fourth reason assigned, wherein it is contended that the information upon which the defendant was arrested, as well as the indictment upon which he was placed upon trial, were both founded and grounded upon and under the Act of March 27, 1923, P. L. 34, while the defendant was tried and convicted under the Act of May 5, 1921, P. L. 407.

By the language of the information on April 1, 1923, and at times prior thereto, defendant did unlawfully offer for sale, sell, furnish and possess intoxicating liquors, concerning which allegations he had notice on the day of his arrest and binding over to the Court of Quarter Sessions. The indictment charged him with the same offence as committed on April 1, 1923. When the case was called for trial and before the jury was sworn, he was furnished a bill of particulars giving the period of time the proofs of violations covered, and that the proofs of violations would be limited to selling, offering for sale, furnishing and possessing intoxicating liquors for beverage purposes.

The information set forth facts sufficient to inform the defendant there could be a count laid under the Woner Act, and a count under the Enforcement Act of March 27, 1923, and proofs offered covering a period of two years prior to April 30, 1923, or that because there is sufficient similarity in the violations enumerated in the 20th section of the Woner Act and the 3rd section of the Enforcement Act of March 27, 1923, and the penalties are the same in both acts, evidence of violations might be offered in support of the indictment under either act: Com. v. Dingman, 26 Pa. Superior Ct. 615, 619.

In Miles's Estate, 272 Pa. 329, 339, it is said: "When the statute under consideration is a general revision, 'the law as therein written will be deemed to be the same as it stood prior to the revision.'"

In Wharton v. State, 94 Am. Dec. 214, 220, note, it is said: "Where the repealed statute is re-enacted in the same words, or in effect, by an act which

4 D. & C.

goes into force at the same time that the old act is repealed, it is continued in uninterrupted operation, and judgment may be pronounced upon proceedings commenced under it, though the crime was committed and the prosecution commenced before the repeal."

It certainly would have been better pleading for the District Attorney to have drawn two counts, concluding each against each of the enforcement statutes, which would have cleared the indictment of the complaint made; but, in view of the matters set forth in the information, the similarity of the violations named in the statutes in question and the identity of the punishment, and that at the trial the court, of its own motion, directed a specification or bill of particulars for the protection of the rights of the defendant, and, further, that he went to trial without pleading surprise or asking a continuance, it must be held that, under all these circumstances, the indictment was good in every particular, and that there is nothing substantial in the complaint of the defendant of and concerning the indictment under which he was tried: Com. v. Dingman, 26 Pa. Superior Ct. 615, 619; Com. v. Price, 80 Pa. Superior Ct. 291; Com. v. Basha, 80 Pa. Superior Ct. 320; Com. v. Grasse, 80 Pa. Superior Ct. 480; Com. v. O'Donnell, 81 Pa. Superior Ct. 17, 19.

The remaining reasons contained in the defendant's motion raise the question of the repeal of the Woner Act by the Enforcement Act of March 27, 1923. The latter act, in section 15, reads: "Nothing in this act shall affect any case in which it shall appear that the crime therein charged was committed prior to the date of the approval hereof, but such offenders may be prosecuted and punished, as if this act had not been passed, under and in accordance with laws then in force, and for such purpose, such laws are hereby specifically saved from repeal," while section 18 provides for the repeal in toto of the Brooks Law and the Woner Act.

It is contended the saving clause, as set forth in section 15, is destroyed by the provisions of section 18, and violations of the Woner Act can no longer be tried under its provisions.

It has been said already in this opinion that the indictment sufficiently charged an offence under the Woner Act. The Enforcement Act of March 27, 1923, in its 15th section, saved out of its operation offences committed prior to the date of its approval, and provided that "such offenders may be prosecuted and punished, as if this act had not been passed, under and in accordance with laws then in force, and for such purpose, such laws are hereby specifically saved from repeal:" Com. v. Price, 80 Pa. Superior Ct. 291, 295; wherefore it remains only to be seen as to the effect, if any, of the 18th section on the provisions of the 15th section.

A saving in a statute is only an *exception* of a special thing out of the general things mentioned in the statute: State v. State Board of Assessors, 25 Atl. Repr. 327, 329.

A saving clause is sometimes defined as being synonymous with an *exception*, but it is ordinarily a restriction in a repealing act, and saves rights, pending proceedings, penalties, etc., from the annihilation which would result from unrestricted repeal: 26 Am. & Eng. Ency. of Law (2nd ed.), 679.

"A special exception contained in a saving clause of a repealing act clearly shows the legislative intent to save nothing else from repeal. The exception of a particular thing from the operation of the general words of a statute shows that, in the opinion of the lawmaker, the thing excepted would be within the general words had not the exception been made. The relative position of the exception is unimportant. It may appear in a section by itself; for an act must be construed as a whole, and when that is done, it has pre-

cisely the same meaning that it would have if 'the exception were appropriately incorporated in the other sections:" 25 Ruling Case Law, § 230, page 983; State v. Schlitz Brewing Co., 59 S. W. Repr. 1033, 1034.

In view of the authorities cited, it is unnecessary to elaborate further as to the effect of the 18th section on the exception in the saving clause in the 15th section.

This disposes of all the matters raised in the defendant's motion in arrest of judgment.

### Decree.

Now, July 9, 1923, the defendant's motion in arrest of judgment is overruled and the defendant is directed to appear for sentence on Monday, Aug. 6, 1923, at 10 A. M.

From Daryle R. Heckman, Somerset, Pa.