# Commonwealth *v.* Sabo, Appellants.

*Criminal law—Receiving stolen goods—Indictment—Particular act of assembly.*

It is not necessary to set forth in an indictment the particular act of assembly on which it is based, even where, as in the charge of receiving stolen goods, there are two acts of assembly to which it might refer.

*Criminal procedure—Trials—Bill of particulars.*

In the trial of a criminal case the defendants are not entitled to a bill of particulars as of right. Such an application is an appeal to the sound discretion of the court. It should be allowed where the indictment fails to give defendant such notice as he is entitled to, of the matters which would be attempted to be proved against him on the trial. But where no injustice is likely to be done him, because of the vagueness of the indictment, it may properly be refused. It will only be granted to prevent surprise or injustice, never to specify the evidence to be adduced by the commonwealth.

*Criminal procedure—Trials—Charge of court—Right of jury to convict one defendant and acquit the other.*

A failure to instruct the jury that they might convict either of the defendants and acquit the other is not error where such instructions were not asked for at the time of the trial, and the evidence of the Commonwealth implicated both defendants jointly.

Argued March 12, 1924. Appeals, Nos. 223 and 224, Oct. T., 1923, by defendant, from judgment of O. and T. Northampton Co., Feb. T., 1923, No. 73, on verdict of guilty in the case of Commonwealth of Pennsylvania v. John Sabo and David Sabo. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for receiving stolen goods. Before STOTZ, J.

The facts are stated in the opinion of the Superior Court.

166, (1924).]     Verdict—Opinion of the Court.

Verdict of guilty on which judgment of sentence was passed. Defendants appealed.

*Errors assigned* were various rulings on evidence, refusal to quash the indictment, refusal to allow defendant's petition for a bill of particulars and the charge of the court.

*Frank P. McCluskey,* and with him *Smith, Paff & Laub,* and *William T. Connor,* for appellants.

*T. McKeen Chidsey,* and with him *Robert E. James,* District Attorney, for appellee.

OPINION BY KELLER, J., April 21, 1924:

The appellants have filed eleven assignments of error. None of them warrants a reversal. Many of them do not call for extended consideration.

First assignment. The defendants were indicted for feloniously (1) buying, and (2) receiving goods, to wit, silk of the value of $7,000, the property of the Sussex Print Works, a corporation, knowing the same to have been stolen or feloniously taken, contrary to the form of the act of the general assembly in such cases made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania. This charged the crime substantially in the language of the act of assembly prohibiting it and was a compliance with the provisions of section 11 of the Act of March 31, 1860, P. L. 427. It was not necessary to set forth in the indictment a particular reference to the act on which it was based. Nor, in the circumstances here present, does it make any difference that there are two acts of assembly to which it might be referred. The Act of April 23, 1909, P. L. 159, was passed to remove "from discussion the question whether an indictment could be sustained in this State for receiving goods stolen in another state and brought into Pennsylvania": Com. v. Ochman &

Bernstein, 79 Pa. Superior Ct. 171. It repeals all acts and parts of acts inconsistent therewith, (section 2); but whether this serves to repeal the 109th section of the Act of March 31, 1860, P. L. 382, is immaterial; they are precisely the same as to subject-matter and penalty, except that the later act put into express words the intention of the framers of the Criminal Code with respect to section 109, (Report, p. 30) by providing that it applied to goods, etc., stolen "either in the Commonwealth of Pennsylvania or in any other state or country." There is no inconsistency or contradiction of subject-matter nor diversity of penalty, which could mislead the defendants or leave them in doubt as to the crime they were accused of. The court properly refused to quash the indictment. That the evidence to be developed on the trial might also be sufficient to convict defendants of a violation of the Act of June 20, 1919, P. L. 542, making it a felony to bring goods into the Commonwealth knowing them to have been stolen in another state, was no reason for quashing an indictment which appropriately charged the crime of receiving within the Commonwealth stolen goods knowing them to have been stolen. It is no reason for quashing an indictment for rape, that the evidence to be given on the trial might be sufficient to convict the defendant of burglary. See also Com. v. O'Donnell, 81 Pa. Superior Ct. 17. The evidence actually produced on the trial sustained the indictment. Furthermore, the motion was made too late. It concerned an alleged defect of form and was not filed until after plea entered (Com. v. Jessup, 63 Pa. 34) and the jury was sworn (Act of March 31, 1860, P. L. 427, section 11).

Second assignment. Defendants were not entitled to a bill of particulars as of right. Such an application is an appeal to the sound discretion of the court: Com. v. Shoener, 25 Pa. Superior Ct. 526. It should be allowed where the indictment fails to give defendant such notice as he is entitled to of the matters which would be at-

tempted to be proved against him on the trial: Williams
v. Com., 91 Pa. 493, 502.   But where no injustice is
likely to be done him because of the vagueness of the
indictment, it may properly be refused: Com. v. Price,
80 Pa. Superior Ct. 291, 294.   It will only be granted to
prevent surprise or injustice, never to specify the evi-
dence to be adduced by the Commonwealth: Com. v.
Buccieri, 153 Pa. 535, 547.   The present case discloses
no vagueness in the indictment and in the circumstances
here present no surprise or injustice resulted to the
defendants.   We find no abuse of discretion in refusing
the application, especially when made so shortly before
trial.

Fourth assignment.   One week before the day set for
trial defendants asked the court for a rule to take the
deposition of Antonio Turko, a prisoner under sentence
of death in New Jersey for murder committed at the
time the silk in question was stolen.   The rule was im-
mediately granted.   That the defendants delayed so long
in presenting their motion that it was impossible to
comply with the formalities necessary to secure such
deposition was not the fault of the Commonwealth or
chargeable to the court.   In the circumstances we find
no abuse of discretion on the part of the lower court in
refusing a continuance on that ground: Com. v. Buc-
cieri, supra, p. 545.   There is no assurance that the
witness would have testified favorably to the defendants.
In any event, the matter is now academic for Turko has
since paid the penalty for his crime.

Fifth assignment.   As respects this assignment, coun-
sel have unwittingly let their zeal carry them beyond
what the record warrants.   The evidence fails to show
any testimony that officers having custody of material
witnesses for the Commonwealth coached such witnesses
as to how they were to testify or instructed them as to
the identification of the defendants.   It discloses no
more than that the chief of police called to the attention
of three witnesses, who were serving terms in prison in

New Jersey for their connection with the affair, that the bigger of the two defendants was reclining in his chair to make himself look smaller, while the smaller one was sitting up straight. The court permitted this evidence, such as it was, to be given the jury. It certainly furnished no ground for a new trial.

None of the other assignments, except the sixth, merits special consideration. A witness can always be interrogated as to whether he has any prejudice or feeling against a prisoner. This was not done, but for the purpose of disclosing such bias as to impair their credibility, it was proposed to ask a witness for the defense whether two of the Commonwealth's witnesses, who were in charge of the silk when the attack was made on the truck containing it, had not brought civil actions in trespass against defendants. This was clearly improper and inadmissible. No error was committed in allowing in evidence the samples of the silk alleged to have been stolen. That the stolen silk had been destroyed and was not produced did not render the samples inadmissible as evidence. No harm was done the defendants by the court's insisting that one of their witnesses be withdrawn until an interpreter was secured. The court was fully justified in its action and its remarks in that connection were not improper or prejudicial to defendants.

Sixth assignment. The court did not specially instruct the jury that they might convict either of the defendants and acquit the other. Undoubtedly, the court would have so charged the jury had the matter been called to its attention, for a fair reading of the charge as a whole shows that the jury were not bound to return the same verdict as to both defendants. But the evidence of the Commonwealth as a whole was such as to implicate both defendants jointly in the crime. If the witnesses for the defense were to be believed, neither of the defendants was guilty; on the other hand, if the testimony of the Commonwealth's witnesses was accepted both were concerned in the transaction as joint

wrongdoers. Of course, the jury had the right, notwithstanding the testimony connected them as jointly involved, to convict either one and acquit the other, but, at the time, it probably occurred to no one, either counsel or the court, that such a course was at all probable, for it would have been flatly opposed to the evidence. When the trial judge concluded his charge he specially asked if there was any thing further desired by way of instructions to the jury, to which neither counsel responded; and no reference was made to the matter in the reasons for a new trial filed six days after verdict. On the other hand, if counsel had the matter in mind at the trial and, notwithstanding the judge's inquiry, purposely refrained from bringing it to the court's attention, intending to use it by way of appeal,—a thing we are confident such eminent counsel would not consider,—they are in no position to take advantage of this action: Com. v. Pava, 268 Pa. 520, 525. The Chief Justice of Pennsylvania, in a very recent case, has said most fittingly: "It is time to understand that the privilege of having a criminal conviction reviewed is not granted to afford the complainant opportunity, by ingenious argument, to magnify mere departures from traditional trial methods into harmful errors; on the contrary, the purpose of review is to enable the appellate tribunal to see that the accused has been given a fair trial within the law and established rules of practice, and, if material departures in either of these respects, which it is reasonable to believe probably affected the jurors in reaching their decision, are shown to have occurred, then, but not otherwise, to order a new trial": Com. v. Johnson, 279 Pa. 40, 44. A careful reading of the evidence fails to convince us that the failure of the court to charge in express terms as to the right of the jury to convict one and acquit the other of the defendants, under the particular facts in evidence in this case, probably or in any reasonable likelihood, affected the jurors in reaching their decision.

The nearest analogy that now comes to our mind is the right of the jury on a trial for murder to convict the defendant of voluntary manslaughter. No matter how strongly the evidence points to wilful and premeditated murder, the jury may nevertheless bring in a verdict of voluntary manslaughter. Yet this right attaching to the jury does not make it absolutely incumbent on the court in a murder case, in all circumstances and whatever the evidence presented, to charge the jury as to manslaughter: Com. v. Johnson, supra, p. 43; Com. v. Crossmire, 156 Pa. 304; Com. v. LeGrange, 227 Pa. 368; Com. v. Sutton, 205 Pa. 605. It has even been held, that the court did not commit reversible error, where the evidence showed a brutal, savage, premeditated murder, in failing to instruct the jury in terms that they might find the prisoner guilty of murder in the second degree, especially where it was not asked at any stage of the case either orally or in writing to give such instructions: Com. v. Hollinger, 190 Pa. 155, 157, 161; Com. v. Sheets, 197 Pa. 69, 80.

We are satisfied that the defendants had a fair trial and that their conviction was just.

The assignments of error are all overruled and the judgments are affirmed; and it is ordered that the defendants severally appear in the court below at such time as they may be there called and that they be by that court committed until they have complied with their respective sentences or any part thereof which had not been performed at the time the several orders of supersedeas were entered in these appeals.