## Commonwealth v. Donnelly.

*Criminal procedure—Challenging the array—Act of March 31, 1860.*
1. Challenges to the array must be made before pleading and are of no avail if made after trial.
Act of March 31, 1860, § 53, P. L. 427.

*Practice, O. and T.—Arresting and trying defendant on same day—New trial.*
2. That the defendant was arrested in the morning and tried on the following afternoon does not amount to a legal denial of his constitutional rights, and affords no ground for granting a new trial unless it directly appears that his interests had been thereby jeopardized.

*New trial—Party unprepared to meet unforeseen collateral issue.*
3. A new trial will not be granted merely because the party who lost the verdict was taken by surprise at the trial and was unprepared to meet an unforeseen and collateral issue suddenly presented to him.

Petition for rule to show cause why sentence should not be revoked and new trial granted. Q. S. Phila. Co., Nov. Sess., 1924, Nos. 630 and 634.

*John M. Dervin,* for defendant, petitioner.

*Maurice J. Speiser,* for Commonwealth, contra.

GORDON, JR., J., March 9, 1925.—Edward Donnelly, the defendant, was indicted, tried and, on Nov. 20 1924, convicted upon five bills of indictment, charging entering to commit a felony, conspiracy to rob, assault and battery with intent to kill, assault to rob, and attempted robbery in various counts and carrying concealed deadly weapons. The offences for which he was convicted were committed on the morning of Nov. 19, 1924. At the conclusion of the trial, the defendant was sentenced. On Nov. 29, 1924, John M. Dervin, Esq., filed the petition now before us, upon which a rule to show cause was granted, praying that the sentence be revoked and a new trial granted upon a motion filed contemporaneously with the petition. He avers that he has been retained by the mother of the defendant to represent him and prosecute the petition, and that in the defendant's trial and conviction certain of his constitutional rights were violated, in that "he did not have an opportunity to engage counsel, was not permitted to challenge the array of grand jurors nor the array of petit jurors," and that "he was deprived of the right to call witnesses on his behalf and the process of the court for this purpose was denied him." The motion for a new trial which the defendant seeks leave to file rests upon the same grounds as the petition.

With respect to these averments, upon which the petition is grounded, it is sufficient to point out that they are not founded in fact. It is not the fact that the defendant had no opportunity to engage counsel; he did engage competent counsel, who was present at the trial and actively and skillfully conducted the defence. It is not the fact that the defendant was denied the right to challenge the arrays of grand and petit jurors; neither he nor his counsel sought to do so, nor has he as yet shown that he had or has any grounds upon which to challenge the arrays. Neither is it the fact that he was refused the right to call witnesses and that the processes of the court were denied him; neither he nor his counsel asked for process to bring witnesses in, nor for a continuance for this purpose. Indeed, they failed to call at least one witness who was present in court during the trial, brought there by the defendant or his agents, and to secure whose presence he now asserts the court denied him process.

From this statement of the true facts of the case, it is readily apparent that none of the petitioner's constitutional rights was violated, and that the petition is, therefore, without merit. It is idle to claim that one is deprived of the constitutional right to be heard by counsel when the record shows that counsel was present and conducted the defence from the beginning to the end of the trial. By the Act of March 31, 1860, § 53, P. L. 427, challenges to the array must be made before plea, and are of no avail if made after trial: Com. v. Jessup, 63 Pa. 34; Com. v. Ramsey, 1 Brewst. (Pa.) 422. It is equally idle to contend that one is deprived of the right to call witnesses, and that the process of the court for that purpose is denied him, when he had witnesses in court whom he did not call, and when he did not ask for a continuance in order to call other witnesses, or make a request for the process of the court for that purpose. The petition before us is, therefore, based upon allegations of fact which are not true, and it should, for this reason alone, be dismissed.

The defendant contends, however, that the fact that he was arrested on the morning of Nov. 19th and tried on the following afternoon amounted to a legal denial of the constitutional rights already referred to. We cannot agree with this contention. The fundamental rights of a defendant to representation by counsel and to the process of the court for the summoning of witnesses are not infringed by the speed with which the Commonwealth brings a case to trial, unless it directly appears that the defendant's interests have been thereby jeopardized. The Constitution guarantees a speedy trial to all persons charged with crime, and it is desirable in the interests of justice and the effective administration of the criminal law that trials should occur as soon after the commission of the offence charged as the circumstances reasonably permit. The legal policy of expediting the trial of criminal cases rests not only in the constitutional guarantees to defendants of speedy trials, but also in the universally conceded value of an early trial as an effective weapon in the suppression of crime and the enforcement of obedience to law. This is particularly true in cases involving the higher felonies, such as murder, burglary, rape and robbery, which section 5 of the Act of March 13, 1867, P. L. 420, requires magistrates to return to the grand jury within forty-eight hours. We cannot encourage those delays of the criminal law and practice which serve merely by delay itself to defeat justice, and which in some sections have grown, for one reason or another, to such proportions as almost to paralyze the arm of the law. Such delays it is the duty of the courts to discountenance and prevent by the exercise of a firm and effective control of the time of trial, while also carefully protecting defendants in all their constitutional rights. Circumstances might exist in a particular case in which an immediate trial is not only desirable, but is demanded for the protection of the interests of the Commonwealth; as, for example, where a community is terrorized by the frequent commission of crimes of great turpitude or atrocity, or where the prosecutor is a sailor or a foreigner to the jurisdiction, and it would be a hardship to compel him to tarry within the jurisdiction until the case was tried at a later date, or important witnesses might be so aged or infirm that delay would threaten the loss of essential testimony, or it might appear that malign influences threatened the loss of valuable evidence. Such reasons would justify the speediest possible trial, if the defendant would suffer no substantial injury thereby. On the other hand, where the Commonwealth's interests would not be jeopardized by a delay, and the defendant is unable to secure the attendance of his witnesses in time, an immediate trial might substantially deprive him of his right to be heard by himself and his witnesses. Thus it will be seen that there can be no fixed and arbitrary rule that a cer-

tain time must elapse between arrest, indictment and trial. The most that can be said is that the interests of justice require as prompt and speedy a trial as possible, subject always to the duty of the court to see that the substantial rights of a defendant are not denied him through speed in bringing the case before a jury. The determination of this matter, therefore, rests primarily in the sound discretion of the trial court, and a verdict will not be disturbed unless it appears that by the speed of the trial the defendant was actually injured in the preparation and presentation of his defence. The decision of the trial court in this regard is reversible only where it is shown that the discretion vested in it has been abused.

With these principles in mind, we have carefully considered the record of the trial and the depositions taken in support of the petition, and are satisfied that, independently of the fact that the defendant did not ask for a continuance and went on to trial voluntarily, the shortness of time between arrest and trial did not operate to deprive him of any of his substantial constitutional rights.

From the evidence taken at the trial, it appeared that the defendant and two other men entered the store of the prosecutors, at No. 703 East Passyunk Avenue, on the morning of Nov. 19, 1924, the defendant himself being armed with a pistol. This the defendant himself admitted upon the witness-stand. The disputed facts in the case related to what occurred after they had entered the store. The prosecutors contended that an attempt was then made by the defendant and his companions to rob them; while the defendant denied this attempt and asserted that he entered the store for the purpose of collecting money growing out of a bootlegging transaction. Whatever may have been the truth upon this subject, a fight occurred (the prosecutors claiming that they defended themselves against the robbery, and the defendant asserting that he was attacked by the prosecutors), and the defendant's revolver was discharged. The officer then interfered, whereupon the defendant's companions fled and he was arrested.

All eye-witnesses to the transaction, except the defendant's companions, who were and still are fugitives from justice, and whose names the defendant flatly refused to give upon the witness-stand, were heard by the jury, which determined the issue of attempted robbery thus raised adversely to the defendant's contention. The trial was fairly conducted without error in the admission of evidence, and the case submitted to the jury in a fair and impartial charge. The two witnesses whose depositions were taken by the defendant in support of the petition, and whom he claims to have been denied the opportunity to summon in his behalf in the trial, were not present at the time of the alleged attempted robbery and know nothing about the transaction. The prosecutors had testified that they did not know the defendant before the morning on which he entered their store, and the evidence which these two witnesses would have given, had they been called, is to the effect, as shown by their depositions, that they had on a previous occasion seen the defendant enter the prosecutors' store while they were some distance away on the highway, though as to what took place in the store, or as to who was present there at the time, they knew nothing. Of these two witnesses, one was in court at the trial, summoned there by the defendant's mother, but was not called to the stand by the defendant; the other had been asked to attend the trial, but did not appear. Upon this collateral issue, therefore, we find the defendant refraining from calling the witness who was available, and making no attempt at the trial to secure an opportunity to subpœna the one who did not appear at the request of his mother. From this the conclusion is inevitable that the

defendant did not desire to present evidence upon that issue, and that his assertion now, after the verdict has gone against him, that he desired to call the witnesses is an afterthought, and is presented as a mere pretext for the assertion of a right which he neither desired to exercise nor wished accorded to him. He declined the issue which the testimony at the trial tendered him, and cannot now take advantage of his election to reject it as an excuse for a new trial. The fact that persons had seen the defendant in the neighborhood of the prosecutors' store on another date, though relevant to the issue and of some probative value, was a collateral matter. Such collateral matters are constantly arising in trials to the surprise of the parties, who are without evidence then at hand to controvert them. But the want of available evidence alone is not a ground for granting a new trial. We cannot be asked to grant the retrial of cases merely because one of the parties was taken by surprise at the trial, and was, therefore, unprepared to meet an unforeseen and collateral issue suddenly presented to him. If this were a ground for a new trial, repeated trials of the same case would be unending.

It is apparent, therefore, that the defendant has failed to show that he was prejudiced in any way by the speediness of his trial. On the contrary, every witness to the transaction, except his accomplices in crime, were heard by the jury, and every known witness whose testimony might be relevant to the issue in any of its features was either called by him or available to him at the time of his trial. We are satisfied of the justice and correctness of the verdict which the jury rendered, and that the defendant was not deprived in any respect of any of his constitutional rights. The petition is, therefore, dismissed.