## Stein v. Blakeman's Specialty Company.

*Sale—Delay in return of defective goods—Evasive affidavits of defence.*

1. In an action to recover the price of goods sold and delivered, an affidavit of defence is insufficient which avers defects in the goods, but does not deny payments on account of the goods as set forth in the statement, which shows that the defendant never attempted to return the goods until after the last credit, which was more than a year and a half after the purchase.

2. A buyer is deemed to have accepted the goods when, after the lapse of a reasonable time, he retains them without intimating to the seller that he has rejected them.

3. Evasive and incomplete affidavits of defence to statements of claim which comply with the statute never prevent judgment.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Lancaster Co.

*Henry M. Bruner*, for rule; *John E. Malone*, contra.

LANDIS, P. J., Oct. 3, 1925.—The plaintiff claims from the defendant the sum of $102.18 for goods and merchandise alleged to have been sold to her, as per an itemized account attached to the statement. He avers that the same were delivered to the defendant at her special instance and request, that the prices were correct and what she agreed to pay, and that she has failed and refused to pay the same.

The affidavit of defence admits the purchase of the goods and that the total price was $1030.89, as stated in the exhibit, of which $928.71 was paid. She,

Stein v. Blakeman's Specialty Company.

however, avers that among the goods sold were ladies' petticoats to the amount of $290.89, which it was agreed should be in good condition and fit for use; that she sold a number of the petticoats, but they were all returned, and that, when she examined the balance of them, she found them rotten; that she endeavored to return the same, but ascertained that the plaintiff was out of business, and she could not, therefore, return them. She then set up a counter-claim of $188.81 because of the condition of the petticoats. How she makes up this amount she does not say, but it would appear as if she had deducted the amount claimed from one of the items charged.

The bill of $290.97 for petticoats bears date May 17, 1920. She does not deny that she paid on account of it, as set forth in the credits, $237.11 between that date and July 9, 1920. It is also not denied that she continued to make purchases from the plaintiff up to June 16, 1921, and that she paid him on account various sums up to Dec. 1, 1922. She never returned any of the goods, and if she ever attempted to return them, it must have been after she had ascertained he was out of business, and this could only have been after the date of the last credit, which was more than a year and a-half after the purchase. When she found, on examination, that they were rotten, she does not state, nor does she state the quantity that was rotten.

It is a well-known rule that evasive and incomplete affidavits of defence to statements of claim which comply with the statute never prevent judgment: Wayne T. & P. Co. v. Thomas Petroleum Products Co., 83 Pa. Superior Ct. 158. In addition, it is decided in Grosh v. Yerger, 39 Lanc. Law Rev. 189, and in many other cases, that where a buyer accepts or retains beyond a reasonable time goods, knowing that when delivered to him they were incomplete or of less quantity than he contracted to buy, he must pay the contract price. Section 48 of the Sales Act of May 19, 1915, P. L. 543, also says that "the buyer is deemed to have accepted the goods when he intimates to the seller that he has accepted them, or when the goods have been delivered to him and he does any act in relation to them which is inconsistent with the ownership of the seller, or when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them."

It seems to us that the affidavit of defence is wholly insufficient, and as to the alleged set-off, it is also of no avail.

The rule for judgment is, therefore, made absolute and judgment is entered against the defendant for the sum of $102.18, with interest from Dec. 1, 1922, making $119.55. Rules made absolute.

From George Ross Eshleman, Lancaster, Pa.