## Commonwealth v. Blaney et ux.

Before Laird, P. J., Bauer and McWherter, JJ.

*John M. O'Connell,* district attorney, and *Calvin E. Pollins* for Commonwealth.

*Paul Mahady,* for defendants.

BAUER, J., October 16, 1948.—This case comes before the court on a motion to dismiss and discharge the said case, for five reasons. We will consider this as a motion to quash, because that is evidently what counsel for defendants intended it to be.

The contention of defendants that this indictment should be quashed cannot be sustained. The rule generally is that an indictment should stand two tests: First, does it furnish sufficient information and particulars to enable defendant properly to prepare his defense? Second, is it sufficiently precise to protect him from a second prosecution?

It seems to us that the allegations as contained in this indictment meet these tests, and if defendants needed additional information to help them in the preparation of their defense they should have asked

for a bill of particulars: Williams v. Commonwealth, 91 Pa. 493.

It is also well to remember that it is not necessary to set forth under what act of assembly the charge is indictable: Commonwealth v. Grant, 121 Pa. Superior Ct. 399; Commonwealth v. Sabo, 83 Pa. Superior Ct. 166; Sadler, Criminal Procedure in Pennsylvania, 2d ed., sec. 240.

Counsel for defendants alleged in their motion that The Penal Code of June 24, 1939, P. L. 872, sec. 886, was unconstitutional. At the time of the argument before the court en banc they seem to have forgotten this particular point and did not press it, nor did they offer any brief to support this point.

We are of the opinion that the act is certainly constitutional, and have been unable to find any reason to rule otherwise. It follows former acts of assembly which have been declared to be constitutional, and we, therefore, overrule this point.

Counsel for defendants rely on one case, namely, Commonwealth v. Toomey, 29 York 93, which at first glance would seem to sustain their position that this indictment should be quashed, but that case indicates to the court that the indictment in the York case would not have been quashed if it had set forth that the landlord was a creditor or that rent was due him. The indictment in the case at bar alleges that a landlord's distraint was made on behalf of the individual prosecutrix, and certainly identifies the landlord and clearly shows that the landlord was a creditor, and that rent was due the landlord. The indictment shows on its face that Martha Campbell, the prosecutrix, was a creditor, and the act makes it an offense to remove property with intent to defraud any creditor, so that it is indictable if there is an intention to defraud a single creditor.

Section 886 of the Act of 1939 is divided into two parts: The first offense provided for is removing property out of any county with intention to prevent the same from being levied upon by virtue of any execution, or to prevent said property from being sold by virtue of any execution after levy has been made thereon. The second offense is *secreting, assigning, conveying or otherwise disposing of any property with intent to defraud any creditor,* or to prevent such property from being levied upon by virtue of any execution or to prevent such property from being sold by virtue of any execution after levy has been made thereon, *or to prevent such property from being made liable for the payment of debts.* It is thus seen that the act clearly says that it is a violation if a person secretes, assigns or conveys property with intent to defraud any creditor or from being made liable for the payment of his debts. The allegations set forth in the indictment in this case clearly support such a charge.

In Commonwealth v. Morris and Samuel Somerson, 35 Lanc. 118, there was a demurrer to the indictment because it did not expressly allege that defendant had any creditors. The court in that case overruled the demurrer, and said: "To allege in so many words that he had creditors would but repeat what is necessarily implied and, in our opinion, is entirely unnecessary." The indictment in that case charged defendant with intention of defrauding creditors without expressly stating that defendant had creditors. In the case at bar the indictment charges defendant with defrauding the individual prosecutrix without expressly stating that the individual prosecutrix was a creditor. The indictment in the case at bar clearly shows to the court that prosecutrix was a creditor, and this not by implication.

The Act of June 23, 1885, is a similar act to the Act of 1939, and the Act of 1939 has taken the place

of the old Act of 1885. Under that act our Superior Court, in the case of Commonwealth v. Lewis, 6 Pa. Superior Ct. 610, has said:

"The evil aimed at by the act of June 23, 1885, under which the indictment is framed, is the defrauding of creditors by placing the debtor's property beyond their reach. While the statute enumerates some of the methods by which this might be done and prohibits them under a penalty, it also contemplates all fraudulent means of secreting, removing or disposing of property, with like intent, by the words 'or otherwise dispose of any . . . property . . . with intent to defraud any creditor'."

Under all of the above circumstances it may be clearly seen that the position of defendants cannot be sustained, and we are of the opinion that the motion of defendants cannot be sustained.

And now, to wit, October 16, 1948, after due and careful consideration, it is ordered, adjudged and decreed that the motion to quash the indictment at the above number and term is herewith dismissed, and the said case at no. 311, August term, 1948, is ordered placed upon the November term, 1948, trial list for trial.