# Commonwealth *v.* Caraffa, Appellant.

*Criminal law—Murder—Charge—Evidence of good character.*

A conviction of murder of the first degree will not be reversed merely because the trial judge omitted in his charge to refer to evidence of good character.

Argued Oct. 5, 1908. Appeal, No. 159, Oct. T., 1908, by defendant, from judgment of O. & T. Cambria Co., June T., 1907, No. 3, on verdict of guilty of murder of the first degree in case of Commonwealth v. John Caraffa. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Indictment for murder. Before O'CONNOR, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was the omission on the part of the trial judge to refer in his charge to the evidence as to the prisoner's good character.

*S. L. Reed*, with him *H. H. Myers*, for appellant.

*J. W. Leech* and *D. P. Weimer*, for appellee, were not heard.

PER CURIAM, October 12, 1908:

The fact of the killing of the deceased by the prisoner was not denied, and the only assignment of error is to the omission of the judge in his charge to the jury to refer to the evidence of good character. He was not bound to do so. How detailed a judge's reference to the evidence shall be, is largely in his discretion, even in criminal cases. Though he may not omit all mention of the crucial or controlling facts yet he is under no obligation to discuss every item of the evidence even upon such facts. To do so would many times tend to confuse rather than to assist the jury.

While it was said in a concurring opinion in Meyers v. Commonwealth, 83 Pa. 131 (though it was not the basis of the decision), that it is the duty of a judge trying a man for his life to charge fully upon the law as applicable to the facts, and this without regard to the points presented by counsel, yet this it must be observed was said of the charge upon the law, not upon the greater or less detailed reference to the facts. And even in regard to the charge upon the law it must be read in connection with the general rule as shown in the later case of McMeen v. Com., 114 Pa. 300, that the omission to charge upon a point to which the attention of the court is not called and request made is not error.

"The law of Pennsylvania as to the weight of good character is more favorable to the accused than the common law or the law of most other states, but it has not gone so far as to give it any special prominence or superiority to the other facts in evidence in the case:" Commonwealth v. Beingo, 217 Pa. 60.

In the present case the good character of the prisoner was a very subordinate fact, and the learned judge below in refusing a new trial was justified in saying, "The evidence was so meager that the mention of it would have but emphasized its meagerness."

Judgment affirmed and record remitted for purpose of execution.