## Commonwealth *v.* Page, Appellant.

*Criminal law—Murder—Motive—Malice — Threats — Charge— Failure to ask instructions—Appeal.*

1. Where the trial judge in a murder trial has fully charged upon the law applicable to the facts, there is no merit in an assignment of error complaining of his failure to instruct the jury adequately as to the weight to be given the testimony introduced by the Commonwealth for the purpose of proving motive on the part of the defendant, if it appears that no request had been asked at the trial for such instruction.

2. Threats made by the prisoner, although not to his victim, are evidence of an intention of the prisoner to kill somebody, and are therefore admissible as showing his malice.

Argued May 12, 1919. Appeal, No. 319, Jan. T., 1919, by defendant, from judgment of O. & T. Fayette Co., Sept. T., 1919, No. 10, on verdict of guilty of murder of the first degree in case of Commonwealth v. Lewis Page. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Indictment for murder. Before VAN SWEARINGEN, P. J.

Verdict of guilty of murder of the first degree upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were (1-3) rulings on evidence and (4) that the charge was inadequate as to motive.

*Wooda N. Carr,* of *Carr & Carr,* with him *Frank M. Lardin,* for appellant.

*S. J. Morrow,* District Attorney, for appellee.

PER CURIAM, June 21, 1919:

The appellant was convicted of murder of the first degree, the ingredients necessary to constitute that of-

fense having been proved to exist. The trial judge charged the jury fully upon the law applicable to the facts, and there is no merit in the fourth assignment complaining of his failure to instruct them adequately as to the weight to be given the testimony introduced by the Commonwealth for the purpose of proving motive on the part of the defendant, for no request was asked for such instruction: Com. v. Caraffa, 222 Pa. 297; Com. v. Pacito, 229 Pa. 328.

The admission of the testimony of which complaint is made by the first three assignments was not error, as it tended to show the prisoner's state of mind and his malicious propensities shortly before the killing. Though the threats were not made to Brady, his victim, they were evidence of an intention of the prisoner to kill somebody, and were, therefore, admissible as showing his malice: Hopkins v. Com., 50 Pa. 9.

The assignments of error are overruled, the judgment is affirmed, and the record remitted for the purpose of execution.