## Commonwealth *v.* Riggs, Appellant.

458

Argued November 28, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Don Reifsnyder* and *Jos. T. McDonald,* for appellant.

*Otto P. Robinson,* Assistant District Attorney, with him *John J. Owens,* District Attorney, for appellee.

OPINION BY MR. JUSTICE LINN, January 2, 1934:

Riggs, appellant, was the confederate of Skawinski, in whose appeal an opinion was filed today [see page 453]. After he aimed his revolver at the manager of the store, demanding that the manager "stick 'em up," he observed Skawinski and Roberts struggling, and went to Skawinski's aid, struck Roberts on the head with his revolver once or twice,[1] breaking the revolver, and then made his

---

[1] In his confession he said he struck Roberts twice; in his testimony from the witness stand, he said he struck him once. The

escape.[2]  He signed a confession, and on the stand also admitted participation in the attempted robbery and in the other "holdups" referred to in the opinion in Skawinski's appeal.  He was convicted of first-degree murder and was sentenced to death.

Appellant complains that a change of venue was refused.  His petition was considered at the same time and as part of the motion made by Skawinski.  As there was no abuse of discretion, we must dismiss the assignment on the authority of the cases cited in Skawinski's appeal; and, in this record, as in that, it is to be noted that there is no suggestion of prejudice of the character anticipated in the conduct of the trial.  In addition to the reasons cited on behalf of Skawinski, an additional reason is presented by this appellant.  Skawinski's trial began May 22d; the verdict was rendered May 24th.  Appellant's trial began May 29th.  Appellant now contends that, as his trial followed Skawinski's, and as the panel was exhausted in obtaining the jury which tried him, he is within section 1, paragraph 4, of the Act of March 18, 1875, P. L. 30, 19 P. S., section 551, providing: "That in criminal prosecutions the venue may be changed on application of the defendant or defendants in the following cases:...... Fourth. When upon a second trial of any felonious homicide the evidence on the former trial thereof shall have been published within the county in which the same is being tried and the regular panel of jurors shall be exhausted without obtaining a jury."[3]

---

coroner's physician testified that Roberts "had a laceration or cut on his forehead [about two inches in length] and a contusion, a swelling, on the back of his head."

[2] Riggs was arrested in Cleveland, Ohio, within a week after the murder and was brought back to Scranton.

[3] Section 2 of the act is as follows: "All applications for changes of venue shall be made to the court in which the indictment shall be pending, in such manner as the said court shall direct and before the jury shall be sworn therein; and if the said court shall be satisfied of the propriety of such change of venue, and that the causes assigned therefor are true and are within the provisions of

The "second trial" referred to is a retrial of a defendant on an indictment on which he has been tried before, not a trial of another defendant for the same homicide. Compare Com. v. Cleary, 148 Pa. 26, 23 A. 1110.

Objections are also made to the charge. Appellant contends that the learned trial judge gave probative value to the arguments of the district attorney in reviewing the testimony, by expressions such as: "the Commonwealth calls your attention to......"; "the district attorney calls your attention to the testimony......"; and "the district attorney answers......" This contention is without merit, as the court reviewed defendant's testimony in the same way, saying: "In this case as in every other case that comes to trial there are two sides"; "the defendant here denies his guilt......"; "he says that he is not guilty......"; "the defendant's counsel on the other hand argues......" If more reference was made to the Commonwealth's case, it was because more evidence was offered on that side. See Com. v. Mika, 171 Pa. 273, 33 A. 65; Com. v. Razmus, 210 Pa. 609, 612, 60 A. 264; Com. v. Russogulo, 263 Pa. 93, 101, 106 A. 180. We must also reject the contention that there was over-emphasis on defendant's participation in the crime.

Another assignment complains that the judge said that defendant made a "detailed statement admitting the crime with which he was charged in the indictment." But the charge clearly shows that the judge did not mean that defendant admitted that he was guilty of murder in the first degree: Cf. Com. v. Exler, 243 Pa. 155, 157, 89 A. 968; Com. v. Berkenbush, 267 Pa. 455, 110 A. 263. The jury could only understand the statement to mean that the defendant admitted his participation in the occurrence in the manner described by himself and other witnesses and charged in the indictment. Taken with the whole charge, the statement was not prejudicial:

___

the first section of this act, it shall be ordered that the venue thereof shall be changed to some adjoining or convenient county where the causes alleged for a change do not exist."

Com. v. Johnson, 279 Pa. 40, 123 A. 638. Appellant says that the court failed to define robbery. If defendant had suggested, in defense, that he and Skawinski were not engaged in attempting to rob, there might be merit in the objection; but he frankly testified that they went into the store for the express purpose of committing a robbery. We do not say that, in homicide resulting in the perpetration of felonies, as described in the statute, the court need never define the felony; as the case was presented by both sides, there was not, and could not be, any dispute about defendant's purpose: Com. v. Manfredi, 162 Pa. 144, 148, 29 A. 404. Indeed, this was so clear that no point was made of it in the court below: no additional instructions were requested, and the alleged omission was not made the subject of particular exception. See Com. v. Caraffa, 222 Pa. 297, 71 A. 17; Com. v. Pacito, 229 Pa. 328, 78 A. 828; Com. v. Varano, 258 Pa. 442, 102 A. 131.

Judgment affirmed and record remitted for purposes of execution.