Commonwealth ex rel. Pickwell, Appellant, *v.* Burke.

Submitted November 17, 1952. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Russell Pickwell,* in propria persona, appellant, submitted a brief.

*Louis G. Feldman,* District Attorney, *Stephen A. Teller,* First Assistant District Attorney and *Joseph Saporito,* Assistant District Attorney, for appellee, submitted a brief.

OPINION PER CURIAM, January 5, 1953:

The relator was convicted on February 21, 1929, of murder in the first degree upon his plea of guilty generally to an indictment charging him with a murder committed on September 7, 1928. Upon entry of the plea of guilty, the trial judge took testimony in open court and in the presence of the defendant, who was at all times represented by counsel, in order to determine the degree of the crime. Finding it to be murder in the first degree, the court fixed the penalty at life imprisonment and imposed sentence accordingly. The sentence was to be served in the Eastern State Penitentiary where the defendant has ever since been and is now confined.

A little more than twenty-three years after his conviction and sentencing (i.e., on March 28, 1952), the defendant filed in the court below his petition in the instant matter, seeking a writ of habeas corpus upon allegations that his restraint was illegal for any one of ten specified reasons which the learned court below painstakingly considered and properly rejected. On this appeal from the order refusing the writ, the appellant renews as grounds for reversal eight of the ten reasons passed upon below. Most of the reasons so as-

signed relate to alleged trial error, notwithstanding, as has been so often said, that an application for a writ of habeas corpus is not a substitute for an appeal or a writ of error: see, e.g., *Commonwealth ex rel. Spencer v. Ashe*, 364 Pa. 442, 445, 71 A. 2d 799; *Commonwealth ex rel. McGlinn v. Smith*, 344 Pa. 41, 47, 24 A. 2d 1. We find no merit in any of the appellant's contentions. No good purpose would be served by our now reiterating what is so fully set forth in the opinion of Judge PINOLA for the court below.

Order affirmed.