## Commonwealth ex rel. Colwell, Appellant, *v.* Myers.

Submitted October 4, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Edward Colwell,* appellant, in propria persona.

*Victor H. Blanc,* District Attorney, *James N. Lafferty,* Deputy District Attorney, *Thomas Shiomos, Thomas M. Reed* and *Christopher F. Edley,* Assistant District Attorneys, for appellee.

OPINION PER CURIAM, November 13, 1956:

The relator was tried before Judge VINCENT A. CARROLL and a jury on a bill of indictment charging him with armed robbery. He was found guilty and was sentenced by Judge CARROLL on October 11, 1954 to a term of imprisonment from 5 to 10 years in the Eastern State Penitentiary. The relator neither sought a new trial nor took an appeal. On his present petition for habeas corpus filed on February 9, 1956, the writ was awarded but after hearing in open court, where relator was given the opportunity to be heard, he was remanded to custody under the sentence imposed.

In his petition he charged that he was denied counsel at the trial. Judge WATERS who presided at the hearing on the writ found that "the petitioner failed to sustain such position at the hearing held herein and the court was satisfied that he was sufficiently advised as to his right to counsel and chose to proceed to trial

without counsel." This conclusion cannot be questioned; the stenographer's record of his trial discloses that this appellant insisted on a jury trial and although the court offered to supply him with counsel, he stated that he wanted to proceed without a lawyer. The law does not require that the court supply an accused with counsel in a non-capital case against his will nor unless requested. *Com. ex rel. Savage v. Hendrick,* 179 Pa. Superior Ct. 601, 118 A. 2d 233. The lower court also found that the petitioner's contention that he was denied the opportunity of a timely appeal was without merit. A transcript of the trial record was available to relator within a reasonable time and long before the period for appeal had passed. The remaining contentions go either to alleged trial errors which cannot be considered in a habeas corpus proceeding, as a substitute for an appeal (*Com. ex rel. Marelia v. Burke,* 366 Pa. 124, 75 A. 2d 593; *Com. ex rel. Tokarchik v. Claudy,* 174 Pa. Superior Ct. 509, 102 A. 2d 207) or they are repetitious of the same allegations in a prior petition which cannot be reconsidered here. *Com. ex rel Campbell v. Claudy,* 171 Pa. Superior Ct. 282, 89 A. 2d 895; *Com. ex rel. Hendrickson v. Hendrick,* 181 Pa. Superior Ct. 45, 122 A. 2d 88.

Order affirmed.