Commonwealth ex rel. Dandy, Appellant, *v.* Banmiller.

Submitted October 9, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and MCBRIDE, JJ.

*Sebron Dandy*, appellant, in propria persona.

*Juanita Kidd Stout*, Assistant District Attorney, *Paul M. Chalfin*, First Assistant District Attorney, and *Victor H. Blanc*, District Attorney, for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, November 9, 1959:

This is an appeal from an order of the Court of Common Pleas No. 5 of Philadelphia County dismissing appellant's petition for a writ of habeas corpus. A previous petition for a writ of habeas corpus was dismissed by the Court of Common Pleas No. 1 of Philadelphia County and that dismissal was affirmed by this Court in *Com. ex rel. Dandy v. Banmiller*, 394 Pa. 294, 147 A. 2d 372.

Appellant was arrested on May 26, 1957 and later indicted for murder and manslaughter in connection with the shooting of his common law wife. Over six months later,—on December 4, 1957,—the appellant, represented by court-appointed counsel, entered a plea of guilty to murder generally. After a hearing before a court *en banc*, consisting of three judges, he was found guilty of murder in the first degree and sentenced to imprisonment for life which sentence he is now serving in the Eastern State Penitentiary. No

motion for a new trial was made nor was any appeal taken from the judgment of sentence.

In the instant petition the appellant claims that a written confession introduced at trial was obtained by unauthorized methods, that he was not given a proper hearing before a magistrate and that, not having waived in writing a trial by jury, he was entitled to a trial by a jury rather than by the three judge court.

The allegation that appellant's confession was improperly obtained is repetitious of the same allegation in appellant's prior petition which was dismissed for sound reason: *Com. ex rel. Colwell v. Myers*, 182 Pa. Superior Ct. 256, 258, 126 A. 2d 513; *Com. ex rel. Campbell v. Claudy*, 171 Pa. Superior Ct. 282, 89 A. 2d 895, cert. den. 344 U. S. 869; *Com. ex rel. Hendrickson v. Hendrick*, 181 Pa. Superior Ct. 45, 122 A. 2d 88.

Appellant does not set forth wherein there was any impropriety in the magistrate's hearing, but, even if such impropriety had been spelled out, such question is not a proper subject for a petition for a writ of post trial habeas corpus: *Com. ex rel. Ketter v. Day*, 181 Pa. Superior Ct. 271, 273, 124 A. 2d 163; *Com. ex rel. Gaurich v. Keenan*, 181 Pa. Superior Ct. 619, 624, 124 A. 2d 144.

Appellant's final contention is that the only manner in which he could waive a trial by jury was by the execution of a written form to that effect and that his entry of a plea of guilty to murder generally did not constitute a waiver of right to a trial by a jury. It should be noted that the plea of guilty was entered approximately five months subsequent to appellant's indictment and at no time did appellant ever request the withdrawal of the guilty plea.

The Penal Code of 1939[1] provides, inter alia: "The

---

[1] Act of June 24, 1939, P. L. 872, §701, 18 PS §4701.

jury before whom any person indicted for murder shall be tried, shall, if they find such person guilty thereof, ascertain in their verdict whether the person is guilty of murder of the first or second degree. If such person [a person indicted for murder] is convicted by confession, the court shall proceed, by examination of witnesses, to determine the degree of the crime, and to give sentence accordingly". When the appellant entered a voluntary plea of guilty his action constituted a *confession* of guilt made in a formal manner and, when accepted and entered by the court, it was the equivalent of a conviction by a jury verdict: *Com. v. Simmons,* 361 Pa. 391, 65 A. 2d 353, cert. den. 338 U. S. 862, reh. den. 338 U. S. 888. "In view of appellant's plea of guilty, . . . no further duty confronted the court except to determine the degree of guilt and to fix the penalty. When a defendant pleads guilty to a charge of murder, he submits his fate to the court to which his plea is addressed. He is then entitled to have the court proceed in the prescribed form and with proper regard to the rules of law and evidence to elicit facts for the scales of justice in which his guilt is weighed.": *Commonwealth v. Polens,* 327 Pa. 554, 557, 194 A. 652. In *Commonwealth v. Samuel Jones,* 355 Pa. 522, 525, 50 A. 2d 317, this Court stated: "The defendant's plea of guilty was, of course, to the charge of murder generally and did not carry with it a plea of guilty of first degree murder: Commonwealth v. Iacobino, 319 Pa. 65, 67-68, 178 A. 823"[2] and it was the burden of the Commonwealth, if it desired to raise the degree, to prove facts which supplied the essential elements of the higher degree. When the appellant entered his plea of guilty, under the statute, supra, he

---

[2] An accused may not plead guilty to murder in the first degree: *Commonwealth v. Samuel Jones,* supra, 525; *Commonwealth v. Berkenbush,* 267 Pa. 455, 461, 110 A. 263.

316

became "convicted" of murder and it then became the duty of the court,[3] not a jury, to fix the degree of murder and determine the appropriate sentence. Such a statutory provision in nowise violates either the United States or the Pennsylvania Constitutions.

We find no merit in any of appellant's contentions. Order affirmed.

---

[3] The court may consist of only one judge: *Com. ex rel. Pickwell v. Burke*, 43 Luz. Leg. Reg. 13, aff'd. 372 Pa. 450, 93 A. 2d 482.