# Commonwealth ex rel. Price, Appellant, *v.* Russell.

372

Submitted September 28, 1966. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Martin Price,* appellant, in propria persona.

*Warren R. Yocum,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, March 14, 1967:

On December 20, 1947, Martin Price shot and killed his estranged wife, Margaret. The shooting took place at about 4:30 P.M. on a public street in the presence of several witnesses. Price was immediately apprehended by a bystander and within less than three hours gave to police a signed statement admitting the shooting.

On January 13, 1948, two attorneys were retained by Price and on September 20, 1948, with those counsel present, Price pleaded guilty to murder in the Court of Common Pleas of Huntingdon County. Thereafter, Price was tried, convicted of murder in the first degree and sentenced to the term of life imprisonment he is now serving. No post trial motions were filed

and no appeal was taken. This appeal is from the denial without hearing of Price's petition for a writ of habeas corpus.

Liberally read, Price's petition makes the following claims (1) that his conviction of murder in the first degree is invalid because an involuntary confession was admitted into evidence against him (2) that his guilty plea was invalid because induced by the involuntary statement given to police (3) that his conviction of murder in the first degree is invalid because the determination as to the degree of guilt was made by one rather than three judges, and (4) that evidence presented against him was insufficient to sustain a conviction of murder in the first degree.

The claimed involuntariness of the statement taken from Price and admitted into evidence against him is based solely on his assertions that he was denied a request for assistance of counsel at the time of interrogation and that he lacked "mental capacity to comprehend and competently make decisions" at that time. Given the pre-*Escobedo* date of Price's interrogation and trial, the mere denial of counsel, does not ipso facto make his confession constitutionally inadequate, *Commonwealth v. Negri*, 419 Pa. 117, 129, 213 A. 2d 670, 676 (1965); *Commonwealth ex rel. Wilkes v. Maroney*, 423 Pa. 113, 116, 222 A. 2d 856, 858-59 (1966). As to Price's bare allegation that he "lacked mental capacity to comprehend and competently make decisions," we do not believe that it is sufficiently specific to require us to remand for a factual hearing. Nowhere in Price's petition is there the slightest suggestion of any intoxication, feeblemindedness or mental disease at the time of interrogation. It may be that Price's claimed lack of "mental capacity" has reference to the indications in the record that he was virtually illiterate at the time of his interrogation. But even under decisions most sensitive to the rights of de-

fendants during interrogation,[1] we do not feel that Price's statement to the police could be deemed constitutionally involuntary. It must be remembered that the statement was given less than three hours after Price had been taken into police custody. The record indicates, without contradiction, that Price was warned of his right to remain silent and that anything he said might be used against him in court. Price was not the young and inexperienced individual whose will could easily be overborne in an interrogation situation;[2] from his own testimony at trial, it appears that at the time of interrogation Price was about sixty years old, had raised more than a dozen children, worked in a coal mine and as a woodcutter, purchased real estate, prepared it for farming and supervised the building of a house on his land. Against this background, we do not believe that denial of a request for assistance of counsel and Price's partial illiteracy made his confession involuntary.

Having determined that the statement given police by Price was not constitutionally involuntary, his assertion that his guilty plea was invalid because induced by the involuntary statement must also fail.[3]

Price's contention that a one judge court was without jurisdiction to conduct the hearing following his guilty plea is without merit. There is no requirement in the Constitution of Pennsylvania that such a hearing be conducted by more than one judge, *Commonwealth v. Cater*, 402 Pa. 48, 53, 166 A. 2d 44, 47 (1960), cert. denied, 366 U.S. 914, 915, 81 S. Ct. 1089, 1090 (1961); Pa. Const., Art. V, §5, nor is there statutory

---

[1] *Haynes v. Washington*, 373 U.S. 503, 83 S. Ct. 1336 (1963); *Gallegos v. Colorado*, 370 U.S. 49, 82 S. Ct. 1209 (1962).

[2] Compare *Gallegos v. Colorado*, supra note 1; *Haley v. Ohio*, 332 U.S. 596, 68 S. Ct. 302 (1948).

[3] Compare *Commonwealth ex rel. Kerekes v. Maroney*, 423 Pa. 337, 341 n.2, 223 A. 2d 699, 701 n.2 (1966).

authority imposing such a requirement in a one judge judicial district such as the twentieth district, Act of May 21, 1931, P. L. 167, §1, as amended, 17 P.S. §784, in which Price was convicted. Compare Pa. Const., Art. V, §5, with Act of April 14, 1834, P. L. 333, §59, 17 P.S. §372. Indeed, at the present time, the law in most parts of the Commonwealth is that one judge has jurisdiction to preside over the hearing in which degree of guilt and penalty are determined following a plea of guilty to murder generally. *Commonwealth v. Cater,* supra at 53, 166 A. 2d at 47; *Commonwealth v. Shawell,* 325 Pa. 497, 191 Atl. 17 (1937); cf. *Commonwealth ex rel. Rook v. Myers,* 402 Pa. 202, 167 A. 2d 274 (1961) (per curiam); *Commonwealth ex rel. Pickwell v. Burke,* 372 Pa. 450, 93 A. 2d 482 (per curiam), cert. denied, 345 U.S. 958, 73 S. Ct. 943 (1953); *Commonwealth v. Garramone,* 307 Pa. 507, 161 Atl. 733 (1932); *United States ex rel. Herge v. Pennsylvania,* 89 F. Supp. 636, 641 (W.D. Pa. 1950). Compare Act of March 14, 1877, P. L. 77, §1, 17 P.S. §480, with Act of February 3, 1843, P. L. 8, §4, 17 P.S. §479 and Act of February 27, 1875, P. L. 62, §2, 17 P.S. §542; Act of May 4, 1865, P. L. 842, §1, 17 P.S. §546. See generally, Braham, This Honorable Court, 54 Dick. L. Rev. 1 (1949).

Finally, Price's argument that the Commonwealth failed to sustain its burden of proving murder in the first degree is totally without merit. Defendant himself admitted purchasing the murder weapon a few days prior to the shooting, practicing with it, loading it the day of the shooting, and firing the fatal shots. Defendant also admitted that he had had disputes with his wife over her returning to live with him and over the disposition of certain property. Several Commonwealth witnesses, uncontradicted except by the defendant himself, testified to statements made by the defendant consistent with the premeditation and intent

requisite to murder in the first degree. Thus Price's son Donald testified that defendant stated to Mrs. Price and some of their children one week before the shooting that "he [defendant] would guarantee that nobody would have a happy Christmas." Price's son-in-law testified that on the evening before the shooting defendant asked him whether "if I [the son-in-law] was called on the stand if I would say he ever made any threats." Sheldon Coons, a bystander unacquainted with defendant, testified that immediately after the shooting the defendant said of his wife that "she deserved it and she had it coming to her," and defendant's son Leroy's housekeeper, testified that four days before the shooting defendant had told her that he was going to buy a gun because "there was three people he was going to get rid of.... his wife, Maggie; his son Dan, and his son-in-law, Ruby."

The defendant's only response to these statements were flat denials; his explanation on the stand of the reason for the shooting was that he didn't know what he was doing.[4] Recitation of these portions of the testimony are sufficient to indicate the conclusion, which we have reached after a complete review of the record, that the Commonwealth's evidence was sufficient to sustain beyond a reasonable doubt the burden of proving murder in the first degree. See, e.g., *Commonwealth v. Tyrrell*, 405 Pa. 210, 174 A. 2d 852 (1961); *Commonwealth v. Cisneros*, 381 Pa. 447, 113 A. 2d 293 (1955).

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

[4] Interestingly, in the confession he made to police which was admitted into evidence, Price stated that he shot his wife because provoked by remarks she made to him just prior to the shooting.